**Patricia FATTMAN; Lewis P. Fattman, Appellants**

v.

**John BEAR; Roberta Bear.**

**No. 06–2951.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 10, 2007.

Filed: Oct. 10, 2007.

Michael P. McDonald, Lancaster, PA, for Appellants.

Daniel T. Lewbart, Gerolamo, McNulty, Divis & Lewbart, Philadelphia, PA, for John Bear; Roberta Bear.

Before: SCIRICA, Chief Judge, RENDELL and FUENTES, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

This is an appeal from the denial of a post-trial motion for a new trial on damages, or in the alternative, motion for a new trial on liability and damages, challenging the exclusion of Patricia Fattman's direct testimony on post-accident employment accommodations. We will affirm.

## I.

Plaintiffs Patricia Fattman and her husband Lewis Fattman brought suit to recover damages sustained in a motor vehicle accident with a vehicle driven by Defendant John Bear. A jury returned a verdict for Plaintiffs and awarded $25,000 to Patricia Fattman but none for Lewis Fattman. Plaintiffs filed a motion for new trial on the following grounds: inadequacy of the damage award, verdict against the weight of the evidence, compromise verdict, and refusal by the trial court to permit testimony by Patricia Fattman regarding accommodations enabling her to continue her employment. The District Court denied the motion and Plaintiffs appealed, challenging only the "excluded" testimony.

The appeal involves Plaintiffs' counsel's direct examination of Patricia Fattman.[1]

---

1. The following exchange between Plaintiffs' counsel, Patricia Fattman, Mr. Lewbart—counsel for Defendants—and the Court provides the relevant testimony:

Mr. McDonald: Were any accommodations recommended for you to have you do your job, because of the injuries and the pain that you had?

[Mrs. Fattman]: Yes.

Mr. Lewbart: Objection

The Court: What's the basis of the objection?

Mr. Lewbart: It assumes facts not in evidence, your Honor and there's no—there's no evidence that—we've been provided with to that effect.

The Court: Also, leading the witness.

Mr. Lewbart: Yes.

The Court: The objection is sustained.

Mr. McDonald: Mrs. Fattman, what accommodations, if any, were made to your job, because of your condition?

Mr. Lewbart: Same objection.

The Court: Objection sustained.

(Pause.)

The Court: Keep trying, Mr. McDonald.

Mr. McDonald: Well, your Honor, I'm trying to—I'm trying to—

The Court: I understand.

Mr. McDonald: Job accommodations—I'm not leading her in that regard.

The Court: Yes, you are.

Mr. McDonald: She's not going to be able to testify as to what accommodations they tried to make to her job?

The Court: Just ask the questions and we'll go on.

Mr. McDonald: All right. Mrs. Fattman, without burdening the Court in any attempt to ask you a proper question, what accommodations, if any, were made to your job, because of your condition?

Mr. Lewbart: Same objection, your Honor.

Mr. McDonald: Any my—my response is that it's not—it's not leading, it's an accommo-

Counsel attempted to elicit testimony on accommodations provided to Mrs. Fattman by her employer, but the District Court sustained objections as leading and/or assuming facts not in evidence. Without eliciting the sought for testimony, counsel moved on to a different topic.

## II.

We review a trial court's grant or denial of a new trial for abuse of discretion. *Pryer v. C.O. 3 Slavic,* 251 F.3d 448, 453 (3d Cir.2001). We review evidentiary rulings for abuse of discretion, *Moyer v. United Dominion Industries, Inc.,* 473 F.3d 532, 542 (3d Cir.2007), but even an erroneous ruling necessitates a new trial only if the ruling affects "a substantial right of the party." Fed.R.Evid. 103(a). Harmless error occurs when "it is highly probable that the error did not affect the result." *Hill v. Reederei F. Laeisz G.M.B.H., Rostock,* 435 F.3d 404, 420 (3d Cir.2006).

Here the District Court ruled the questions asked on direct examination were leading and assumed facts not in evidence. "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Fed.R.Evid. 611(c). As the Advisory Committee Notes state, "[a]n almost total unwillingness to reverse for infractions [regarding leading questions] has been manifested by appellate courts" because "[t]he matter clearly falls within the area of control by the judge over the mode and order of interrogation and presentation...." Fed.R.Evid. 611 advisory committee notes; *see also* 1 *McCormick on Evidence* § 6 (6th ed.2006) ("The allowability of leading questions is discretionary, and the judge's action will not be reversed unless it contributed to an unfair trial.") (footnotes omitted).

A leading question "suggests the answer to the person being interrogated." *Black's Law Dictionary* 906 (8th ed.2004). Plaintiffs' counsel asked, "Mrs. Fattman, what accommodations, if any, were made to your job, because of your condition?" But prior to this line of questioning, there was no evidence of accommodations on the record. Therefore, the trial judge could, in his discretion, find such questions suggested the answer Mr. McDonald sought, that Patricia Fattman's employer provided accommodations.

The trial judge did not foreclose questioning on the matter. Plaintiffs' counsel continued to ask a similar form of question after the first objection was sustained. The trial judge told counsel, "I know what to ask her," and "You might ask her what she did." These statements welcomed further attempts to ask non-leading questions, but counsel chose to move on to a different topic. Patricia Fattman did testify about the medication she took following the accident, the effect it had on her ability to concentrate and the amount of work she missed following the accident.

---

dation that she experienced with respect to her job.

The Court: Objection sustained.

Mr. McDonald: Your Honor, just for the record, can I have the basis of—of the Court's ruling in that regard?

The Court: Well, don't show any anger at the rulings, Mr. McDonald.

Mr. McDonald: Oh, no, no, your Honor. I just wanted to know, so I don't ask the question wrong again.

The Court: I can't try it for you.

Mr. McDonald: All right, I—but—

The Court: I know what to ask her.

Mr. McDonald: All right, I—I just wanted to know what the—what the object—what the basis of the ruling is, so I don't question her and continue to do this improperly.

The Court: The same as we expressed before. Objection—and the reason is the same.

Mr. McDonald: All right. Let's move on—

The Court: You might ask her what she did.

Mr. McDonald: Okay, all right. Mrs. Fattman, let's—let's move to a different topic.

The trial judge did not commit error in sustaining objections to Plaintiffs' counsel's questions. Because the trial judge committed no error, we need not address whether an erroneous trial court ruling has affected Plaintiffs' substantial rights.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.